J-S15004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE MIGUEL PEREZ | |
| Appellant | No. 1092 MDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001497-1991
CP-36-CR-0001533-1991

BEFORE: LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 27, 2015**

Miguel Perez appeals from the order entered in the Court of Common

Pleas of Lancaster County dismissing his petition filed under the Post

Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). Counsel for Perez

has filed with this Court an ***Anders***[1] brief and a petition to withdraw as

_____

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). The proper mechanism for withdrawal on appeal from the denial of a PCRA petition is a ***Turner/Finley*** no-merit letter. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). However, because an ***Anders*** brief provides greater protection to a criminal appellant, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter. ***See Commonwealth v. Widgens***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa Super. 2004).

counsel. After our review, we affirm the PCRA court's order and grant counsel's petition to withdraw.

On July 9, 1992, a jury found Perez guilty of one count of delivery of cocaine and three counts of possession of cocaine with intent to deliver. On June 4, 1993, the trial court imposed an aggregate sentence of 24 to 80 years' incarceration. This Court affirmed Perez's judgment of sentence on May 2, 1994. *Commonwealth v. Perez*, 647 A.2d 266 (Pa. Super. 1994) (unpublished memorandum).

Over the next several years, Perez filed four petitions for relief under the PCRA, all of which were dismissed. On August 9, 2013, Perez filed his fifth PCRA petition asserting that his sentences were illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), because he received mandatory minimum sentences for each of his four convictions.

On August 23, 2013, the court appointed counsel to represent Perez, and on December 6, 2013, counsel filed an amended PCRA petition. By order dated March 10, 2014, the court informed Perez of its intent to dismiss the petition within twenty days without a hearing pursuant to Pa.R.Crim.P. 907. The court dismissed the petition by order filed June 2, 2014.

Perez filed a timely notice of appeal, and on November 24, 2014, counsel filed an *Anders* brief in which he concluded that no meritorious issues existed. This Court granted Perez an extension of time, and on December 22, 2014, he filed a *pro se* brief in which he raises the following issues for our review:

1. Whether the sentence in this case is illegal and violates the Sixth Amendment to the United States Constitution because the sentencing judge relied upon conduct not found by a jury or admitted in a plea.

2. Whether the petition in this case was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and (ii).

3. Whether under *Teague v. Lane*, 489 U.S. 288 (1989) and its progeny the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) should be applied retroactively.

4. Whether the application of the mandatory provision in sentencing now determined to be unconstitutional, vitiates the sentence and eliminates all questions of waiver, timeliness and due diligence as bars to the relief sought.

5. Whether having declared the mandatory provision relied upon herein illegal, allowing [Perez] to continue to suffer that sentence constitute[s] cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Appellant's Brief, at 3.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for those findings in the certified record. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citing *Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010)). Because this is an appeal from a PCRA order, we will treat PCRA counsel's *Anders* brief as a *Turner*/*Finley* no-merit letter. *See supra* n.1.

First, we determine whether PCRA counsel has complied with the technical requirements of *Turner*/*Finley*:

Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley** and] . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted). If counsel's petition and no-merit letter satisfy **Turner**/**Finley**, we then conduct an independent review of the merits of the case. If this Court agrees with counsel that the claims are meritless, we will permit counsel to withdraw and deny relief. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citing **Commonwealth v. Mosteller**, 633 A.2d 615, 617 (Pa. Super. 1993)).

Here, Perez's counsel has complied with the technical requirements of **Turner**/**Finley**. He forwarded to Perez a copy of the brief and the petition to withdraw along with a letter informing him of his right to hire private counsel or proceed *pro se*.[2] In his brief, counsel sets forth the claims that

_____

[2] Counsel's motion to withdraw states that he sent to Perez a copy of the motion, the **Anders** brief, and a letter explaining the right to proceed *pro se*.
*(Footnote Continued Next Page)*

Perez sought to raise before this Court. Counsel also sets forth the procedural and factual background of the case, and an explanation as to why the record does not support the claims raised by Perez in his PCRA petition. Specifically, counsel concludes Perez's petition is untimely on its face.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273 (Pa. Super. 2003); **Commonwealth v. Vega**, 754 A.2d 714 (Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Perez was sentenced on June 4, 1993, and this Court affirmed his judgment of sentence on May 2, 1994. The judgment became final on June 2, 1994, upon expiration of the time in which Perez could have sought discretionary review in our Supreme Court. Accordingly, he had one year from that date in which to file any petition under the PCRA. Because Perez filed the instant petition on August 9, 2013, it is untimely on its face.

Perez asserts that **Alleyne** recognized a new constitutional right that applies retroactively, **see** 42 Pa.C.S. § 9545(b)(1)(iii), and thus is an

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

In his motion for an extension of time in which to file a *pro se* brief, Perez asserts that he did not receive a copy of the **Anders** brief.

exception to the timeliness requirements of the PCRA under section 9545(b)(1). He further notes that he filed his petition within sixty days of publication of the *Alleyne* decision, thus making it timely under section 9545(b)(2). However, in *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014) this Court held to the contrary, noting, "neither our Supreme Court nor the Supreme Court of the United States has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final." *Id.* at 995.

A court has no jurisdiction to consider an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Because Perez has failed to plead and prove an exception to the timeliness requirements of section 9545(b), the trial court did not err in dismissing his petition.

We agree with counsel's assessment that Perez's claims are meritless. Furthermore, our independent review of the certified record has uncovered no additional meritorious issues. Thus, we affirm the PCRA court's order and we grant counsel's petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015